Scott Jordan   (SBN: 244858)
DUNNING LAW FIRM
2000 Van Ness Ave., Ste. 602
San Francisco, CA  94109
Tel:  (415) 956-1888
Fax: (415) 956-0881
Email:  sjordan@dunninglawfirm.com

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| **In re: FARAJOLLAH JENNATI ATAIE and FARZANEH P. ATAIE,** | Case No.  16-41815 |
| | Chapter 7 |
| **Debtors.** | |

## **OPPOSITION TO EX PARTE APPLICANTION FOR SUPPLEMENTAL ORDER UNDER 11 U.S.C. §521**

Debtor's, Farajollah and Farzaneh Ataie, oppose the Chapter 7 Trustee's application for supplemental order compelling Debtor's to surrender their home.

Debtors were made aware of the Trustee's motion to compel compliance and the Court's order on September 19, 2016.  Although Debtors are dumbfounded as to why the Trustee wants to aggressively sell their home, they have attempted to comply with the Court's order and have allowed multiple showings of their home. Based on the Debtor's recollection of the events that have transpired, they have accommodated every attempt to show the home, except for one instance where a realtor showed up at the home without an appointment. (Declaration of Farzaneh Ataie)

The Trustee claims that Debtor is hindering her effort to sell the property. Yet, Trustee also claims to have an all cash offer of $769,000.00 for the Debtor's home. If the Debtor's were hindering the sale and refusing showings, how could there be an offer to purchase from this alleged unnamed buyer? And, if there is a legitimate offer to purchase the property, why does the Trustee want the Debtors removed within 10 days?

Debtors further oppose Trustee's Ex Parte Application on the basis that there is a pending motion to convert this Chapter 7 case to a Chapter 13 case. Granting the Trustee's application before the motion to convert is ruled on would be premature without first knowing whether the Court will approve the conversion. This Trustee has opposed the motion based on her unfounded belief that any plan presented would be unfeasible. How can the Trustee possibly claim that any plan presented is unfeasible when the claims compliance date is November 10, 2016 and no one knows what will actually be required to satisfy the approved debts? Debtor's have arranged for a secured loan of $100,000.00 in order to pay the claims from a private source. Debtor's believe this loan amount will be more than enough to pay all of the claims that will be made before the claims bar date.

Debtor's have attempted to negotiate a "slow-down" to no avail. While the Trustee has appeared to accept a "slow-down" in concept, the non-negotiable demands are unfair and unreasonable to the Debtors. For instance, the Trustee has demanded the Debtors release $75,000 from their claimed Homestead Exemption (nearly 43%). There is no need for this demand when the current claims total only $20,057.21. The Trustee also demands that Debtors waive their right to object to any administrative expense claims the Trustee may present to the Court. Why would the Debtors agree to waive their right to object to an unknown claim that has the potential of ruining any chance the Debtors have of saving their home?

- 2 -
Opposition to Ex Parte Application

WHEREFORE, the Debtors request the Court deny the Trustee's Ex Parte Application for Supplemental Order under 11 U.S.C. §521.

Dated: October 10, 2016  */s/ Scott Jordan*
Scott Jordan

<u>Certificate of Service</u>

ECF Service List

- 4 -
Opposition to Ex Parte Application