1  Charles P. Maher, State Bar No. 124748
   DENTONS US LLP
2  One Market Plaza
   Spear Tower, 24th Floor
3  San Francisco, California 94105
   Telephone No.: 415.267.4000
4  Fax No.: 415.267.4198
   E-mail: charles.maher@dentons.com

Counsel for Marlene G. Weinstein
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

FARAJOLLAH JENNATI ATAIE aka
ROGER ATAIE aka BIBI BAZAAR and
FARZANEH P. ATAIE aka FARZI ATAIE,

Debtors.

Case No. 16-41815 RLE
Chapter 7

**MOTION FOR ORDER AUTHORIZING COMPROMISE OF INTEREST IN REAL PROPERTY, ABANDONMENT OF PROPERTY, AND PAYMENT OF BROKER**

Marlene G. Weinstein, Chapter 7 Trustee of the estate of the above Debtors, hereby moves the Court for an order authorizing her to enter into a compromise with the Debtors in the above case regarding disposition of the real property commonly known as 3226 Ensenada Drive, San Ramon, California (the "Property"), which is their residence. Under the terms of the compromise, the Debtors will pay with borrowed funds the sum of $115,000 to the Trustee and, in exchange, the Trustee will "abandon" the Property under Section 554 of the Bankruptcy Code which means that, once the settlement is consummated and escrow closes, all right, title, and interest of the bankruptcy estate in the Property shall re-vest in the Debtors and the Property shall no longer be property of the bankruptcy estate subject to administration by the Trustee.

As part of the negotiated arrangement, the Debtors will waive their right to file a motion to convert their bankruptcy case to a Chapter 13 case or a Chapter 11 case. They will not assert an

101738937\V-1

1

exemption in the $115,000 in cash paid to the estate, and will not change their claims of exemption from Section 704 of the California Code of Civil Procedure to Section 703. The Trustee is acting in reliance on the claim of a $175,000 exemption in the Property in agreeing to the transaction described in this notice.

The Debtors intend to borrow the sum of $115,000 from an acquaintance and intend to secure that loan by signing a promissory note and recording a deed of trust in favor of the lender against the Property. The lender, the Debtors, and the Trustee have agreed that the lender shall have a "claim" to any surplus that would otherwise be distributed to the Debtors. If there is a "surplus" after payment of all administrative expenses and timely filed claims, that surplus will be distributed to the lender in partial satisfaction of the loan to the Debtors. The Trustee believes that a surplus is possible but not likely.

The Debtors disclosed ownership of the Property and attributed a value of $870,000 to it, but stated that the Property needed substantial work that detracted from its realizable value. They claimed a homestead exemption of $175,000 which the Trustee believed was allowable. The Debtors also disclosed secured debt in the amount of $435,000; that debt has been reduced to approximately $428,000 according to a recent loan statement (based on Debtors' post-petition payments). Based on input from a real estate broker, the Trustee believed that the market value of the Property was approximately $100,000 less than the value the Debtors attributed to it. When she employed the real estate broker to market the Property, the Debtors complained and indicated that they had available to them sufficient money for payment of expected creditor claims. The Trustee listed the Property for $769,000.

The Trustee attempted to work with the Debtors to fashion a solution that would avoid a sale. In the Trustee's opinion, the Debtors would not make a sufficient commitment to enable the Trustee to ensure that taking the Property off the market would not damage the interests of creditors. When no agreement could be reached by which the Trustee would remove the Property from the market, the Debtors filed a motion to convert their case to a Chapter 13 case and thereby take over control of all assets of the estate. The Trustee filed opposition to the motion. The Court held a hearing on October 12, 2016, and set a tight schedule for an evidentiary hearing on the motion to convert. In the 24 hours

101738937\V-1

following the October 12, 2016, hearing, the Debtors, the Trustee, and the proposed lender reached a tentative agreement to resolve the motion to convert and the disposition of the Property.

The Trustee's broker did a lot of work to show the Property and met with resistance from the Debtors. The listing agreement called for a five percent real estate commission. The Trustee is proposing to compensate her real estate brokers, MasterKey Real Estate-Centerville and MasterKey Real Estate-Mission with payment of the equivalent of a 2 ½ percent commission ($19,225) on a hypothetical $769,000 sale in full and complete satisfaction of their claim to a commission based on withdrawal of the Property from the market.

The Trustee deems the transaction both a sale and a compromise because the Debtors are paying cash in exchange for abandonment of the Property and they and the Trustee are resolving a dispute over the Trustee's marketing and sale of the Property on the open market and the Debtors' motion to convert the case to Chapter 13.

Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors:

1. The probability of success in the litigation;
2. The difficulty, if any, to be encountered in collection;
3. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;
4. The paramount interest of creditors and proper deference to their reasonable views.

*In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

Probability of Success

Based on the events that have transpired in the Chapter 7 case since it was filed in June 2016, the Trustee believes the probability that she would defeat the Debtor's motion for an order converting the case to Chapter 13 is high. If she is correct, the Trustee would be authorized to market the Property for sale. She had in hand an offer of $769,000 and was prepared to accept that offer subject to overbid and Bankruptcy Court approval. Whether there would be an overbid is unknown. At a sale of $769,000, the Trustee estimates that the net proceeds after payment of secured debt, costs of sale, and the Debtor's homestead exemption, would approximate $115,000. An overbid and a subsequent

3

101738937\V-1

auction would increase the amount of net proceeds (but attorney and accountant fees would be higher, perhaps offsetting any benefit).

Difficulty in Collection

Difficulty in collection is not a factor in consideration of this compromise.

Complexity, Expense, and Delay

The issues are not complex and litigating them would not cause significant delay in administration of the bankruptcy estate. The critical factor is expense. The Trustee would have to conduct discovery on an extremely expedited basis and prepare for and participate in an evidentiary hearing. The Trustee would incur attorney fees and accountant fees. If the Debtors were to lose, they might appeal which would cause further expense. The Trustee believes it is unlikely that the case would be stayed pending appeal. As a result, she does not believe significant delay would ensue. The compromise permits the Trustee to avoid the further cost of litigation. She believes the case should be uneventful going forward as a result of the agreement.

Paramount Interest of Creditors

Creditors are being served with this notice and have the opportunity to express their views. The Trustee believes that the cessation of litigation and avoidance of further litigation cost is in the best interest of creditors and the bankruptcy estate. The Trustee believes that she is realizing roughly the same amount she would realize in a sale if the Property sold for $769,000.

WHEREFORE the Trustee requests entry of an order authorizing the relief sought above.

DATED: October 17, 2016      DENTONS US LLP

By: _____
Charles P. Maher
Counsel for Marlene G. Weinstein, Trustee

4